# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 727

BARNWELL & COMPANY v. PUBLIC SERVICE TIRE CO. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7536. Decided June 6, 1927.

First Publication of this Opinion.

1182. TRADE ACCEPTANCES — Where trade acceptance is procured by fraud, purchaser of such acceptance may collect only amount of his bona fide interest therein.

Error to Common Pleas.
Judgment affirmed.

Ulmer & Berne, Cleveland, for Barnwell & Co.

Bloomberg & Wolf, Cleveland, for Public Service Co.

VICKERY, J.

In the court below Barnwell & Company brought an action upon a trade acceptance in the amount of $3,100 against the defendants, The Public Service Tire Company and H. J. Alpern, and recovered a judgment for $500, and, not being satisfied with that judgment, they prosecuted error.

The record shows that the Thomas Rubber Company was a concern engaged in business in Wooster, Ohio, and that The Public Service Tire Company was engaged in business here and that the plaintiff company resided in Akron. We also learn that the Thomas Rubber Company was in hard straits and needed some ready money, and so Mr. Thomas, of that firm, came to Cleveland and procured the acceptance in question from The Public Service Tire Co. with the name of H. J. Alpern upon it as an endorser, in order to give it better credit, befor its delivery. The acceptance was procured under what is claimed to be misrepresentation of facts amounting to fraud.

It seems that the Thomas Rubber Co. represented that it had shipped to the Public Service Tire Co. certain tires which amounted to the face of the acceptance. The record is conclusive upon the question that Thomas had not shipped the tires for which this trade acceptance was given, nor did he ship them at any time. The Public Service Tire Co. never did receive the value of the trade acceptance given by them.

Subsequently, Mr. Barnwell, of the Barnwell Company in Akron, was pressing the Thomas Rubber Co. for payment of accounts that were due and past due it from The Thomas Rubber Company, and on the occasion in question, Barnwell went to Wooster with a check for $500, that the Thomas Company had given to Barnwell & Company, which had been return-

ed to them by the bank because there were no funds He went to the office of the Thomas Company and, after some conversation, Mr. Middleton, Secretary of the Company, was called in and Thomas inquired of him whether there was any money to meet this check, and he said there was not. Then Thomas asked Middleton whether the acceptance had come in, referring apparently among others, to the one from the defendant company. Whereupon this acceptance was turned over to Barnwell and the manner in which it was turned over and the consideration for which it was turned over is in dispute.

Barnwell says this acceptance was turned over to them to pay the $500 check and the balance was to be credited upon their over-due account. On the other hand, Thomas and Middleton testify that this acceptance was given to Barnwell to discount at his bank, and, if it were discounted, then to take out the $500 and to send The Thomas Rubber Company, money to meet their payroll, $1,000 to $1,500, and the balance to be delivered in fabrics that they could use in the manufacture of tires, if they were manufacturing tires, or, any way, to be used in their business.

It is admitted, in this record, that after this transaction, there was no money sent by Barnwell, nor was any fabric sent. Consequently, if their theory were correct, there would be no consideration for the transfer of this acceptance except the $500, the check that had been returned for want of funds and which had been given up to the Thomas Company.

We think the whole record shows the following:

First: That this acceptance was obtained from the Public Service Tire Company and H. J. Alpern by false and fraudulent representations, made for the purpose of deceiving, and that they did deceive, that they were untrue, that the Thomas Company knew they were untrue when made; that the Public Service Tire Company believed them to be true, and, believing them to be true, turned this acceptance over, believing that the tires had been shipped to them.

Second: That Barnwell & Company took this acceptance for the purpose of discounting it at their bank and to pay the $500 check that Barnwell had gone to collect, and from the balance there was to be sent to the Thomas Company money to pay pay-rolls to the extent of $1,000 or $1,500, and the balance was to be furnished in fabrics for the manufacture of materials to be used in the business of the Thomas Company, and that above the sum of $500, the Barnwell Company was not a bona fide holder for value; that the money had never been furnished and the fabrics had never been furnished, and there was a failure of consideration.

We think, therefore, that the judgment of the Court of Common Pleas must be affirmed.

(Sullivan, PJ., concurs. Levine, J., not sitting.)